UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FIREMAN'S FUND
INSURANCE COMPANY,

     Plaintiff,

v.                        CASE NUMBER: 8:05-CV-516-T-17-TGW

GULF INSURANCE COMPANY,

     Defendant.

_____/

## ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES

     This cause is before the Court on Fireman's Fund Insurance
Company's (hereinafter "Fireman's Fund") motion to strike Gulf
Insurance Company's (hereinafter "Gulf Insurance") affirmative
defenses (Docket No. 12) and response thereto (Docket No. 14).

### STANDARD OF REVIEW

     Fed. R. Civ. P. 12(f) provides that, upon motion, the court
may order stricken from a pleading an insufficient defense or an
immaterial matter.   However, a court will not exercise its
discretion under the rule to strike a pleading unless the matter
sought to be omitted has no possible relationship to the
controversy, may confuse the issues, or otherwise prejudice a
party.  Poston v. American President Lines, Ltd., 452 F. Supp.
568, 570 (S.D. Fla. 1978); Bazal v. Belford Trucking Co., 442 F.
Supp. 1089, 1101 (S.D. Fla. 1977); Augustus v. Board of Public
Instruction, 306 F.2d 862, 868 (5th Cir. 1962).

CASE NUMBER: 8:05-CV-516-T-17-TGW

There are no concrete rules for determining what constitutes an insufficient defense. However, an affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove. Equal Employment Opportunity Comm'n v. First Nat'l Bank, 614 F.2d 1004, 1008 (5th Cir. 1980), cert. denied, 450 U.S. 917 (1981). To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is "sufficient" and may survive a motion to strike, particularly when there is no showing of prejudice to the moving party. Augustus, 306 F.2d at 868. In evaluating a motion to strike, the Court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. U.S. Oil Co., Inc. v. Koch Refining Co., 518 F. Supp. 957, 959 (E.D.Wis.1981).

### DISCUSSION

Defendant Gulf Insurance timely filed an answer on March 24, 2005, in which it made seven affirmative defenses. Plaintiff Fireman's Fund seeks to strike these affirmative defenses, claiming that they are "improper assertions and statements without any legal support." Pl.'s Mot. Strike ¶ 5 (April 11, 2005). Fireman's Fund argues that this Court should grant this motion because the case involves no questions of fact, but only a question of law - whether a primary insurance carrier has a primary right of subrogation over an umbrella insurance carrier that has an excess right of subrogation.

Applying the above standard, this Court finds that the affirmative defenses survives the Fireman's Fund's motion to strike. Although there are no disputes of fact in this case, affirmative defenses involving only questions of law may also withstand a motion to strike. Augustus, 306 F.2d at 868. Furthermore, all of Gulf Insurance's affirmative defenses are substantially related to the controversy and, therefore, do not

CASE NUMBER: 8:05-CV-516-T-17-TGW

confuse the issue. Finally, there is no showing of prejudice to Fireman's Fund in denying the motion to strike. Thus, the Court does not feel that the pleadings support Plaintiff's motion to strike Defendant's affirmative defense, that the Plaintiff has not been harmed, or that the Plaintiff will be prejudiced by the denial of the motion to strike. Accordingly, it is

**ORDERED** that the motion to strike affirmative defenses (Docket No. 12) be **DENIED.**

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 27th day of July, 2005.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record.