UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FIREMAN'S FUND
INSURANCE COMPANY,

    Plaintiff,

v.                    CASE NUMBER: 8:05-CV-516-T-17-TGW

GULF INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on plaintiff's motion for summary judgment (Docket No. 13); defendant's response; and cross motion for summary judgment thereto (Docket No. 16-21); and response to cross motion for summary judgment (Docket No. 20).

### STANDARD OF REVIEW

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all evidence is viewed in the light most favorable to the nonmoving party. Sweat v. The Miller Brewing Co., 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. Hayden v. First National Bank of Mt. Pleasant, 595 F.2d 994, 996-7 (5th Cir. 1979), quoting Gross v. Southern

CASE NUMBER: 8:05-CV-516-T-17-TGW

Railroad Co., 414 F.2d 292 (5th Cir. 1969). Factual disputes preclude summary judgment.

The United States Supreme Court held in Celotex Corp. v. Catrett, 477 U.S. 317 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322.

In response to a motion for summary judgment, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

## FINDINGS OF FACT

This cause of action for declaratory judgment involves two insurance companies who both claim that it has a primary right of subrogation over the other. Fireman's Fund Insurance Company (hereinafter "Fireman's Fund"), a foreign insurance company licensed to do business in, and doing business in, Hillsborough County, Florida, is the primary insurance carrier for Griffin Inc. (hereinafter "Griffin") with a policy limit of one million dollars ($1,000,000.00). At the same time, Gulf Insurance Company (hereinafter "Gulf Insurance"), also a foreign corporation licensed to do business in, and doing business in,

CASE NUMBER: 8:05-CV-516-T-17-TGW

Hillsborough County, Florida, is the excess or umbrella insurance carrier for the same insured, Griffin.

In a State court case involving Griffin, both Fireman's Fund and Gulf Insurance paid funds on behalf of Griffin Inc. as a result of a settlement agreement. Fireman's Fund first paid the total amount of its primary insurance policy, one million dollars ($1,000,000.00), and then Gulf Insurance paid nine million dollars ($9,000,000.00) of its excess insurance policy. In a third-party action pending in State court, both Fireman's Fund and Gulf Insurance are pursuing recovery of these funds, and both insurance carriers now claim first priority to any recovery from the third-party action.

The text of the Gulf Insurance policy specifically indicates that the order of reimbursement of any funds recovered through the insured's rights to recovery is as follows: (1) first to any interest (including the insured) who has paid any amount in excess of the limits of this insurance; (2) next to Gulf Insurance; (3) then to any interests, including an underlying insurer such as Fireman's Fund, as are entitled to the claim the remainder. On the other hand, Fireman's Fund's primary policy states that any rights the insured has to recover all or part of any payment Fireman's Fund makes under the policy are transferred to Fireman's Fund.

## DISCUSSION

Because there are no facts in dispute, there is no genuine issue for trial and this case is ripe for disposition by summary judgment. In its motion for summary judgment, Fireman's Fund argues that it is entitled to recover first because the insurance policy issued by Fireman's Fund was a primary one and was, therefore, a condition precedent to the Gulf Insurance excess or umbrella policy. The facts of <u>Chicago Ins. Co. v. Lumbermen's</u>

CASE NUMBER: 8:05-CV-516-T-17-TGW

Mut. Cas. Co., which also involved a dispute between a primary insurer and an excess or umbrella insurer, is similar to that of the case at bar. Chicago Ins. Co. v. Lumbermen's Mut. Cas. Co., 503 So.2d 916 (Fla. 4th Dist. App. 1987). The court in Chicago Ins. Co. found that "the umbrella carrier takes the underlying coverage as it is provided in the primary carrier's policy," and the excess insurance carrier may not "modify the primary carrier's policy by the terms of its policy." Id. at 919.

Here, if Fireman's Fund's primary policy had contained a provision stating that it had a primary right of subrogation over other insurance carriers, then Gulf Insurance could not have modified it with the terms of its excess coverage. Fireman's policy established only that any rights to recover by the insured is transferred to Fireman's Fund - it does not specify the order of reimbursement should there be multiple insurance carriers involved. Therefore, Gulf Insurance's policy, which does specify the order of reimbursement, does not "modify the primary carrier's policy" by its terms and is, therefore, valid.

Fireman's Fund also contends that giving the primary right of subrogation to Gulf Insurance would violate Florida's "Made Whole Doctrine," as established in Florida by Florida Farm Bureau Ins. Co. v. Martin, 377 So.2d 827 (Fla. 4th Dist. App. 1979). In Martin, the court expressed the common law of subrogation as follows: "the subrogor...must be mad[e] whole before the subrogee...may recover anything from the tort-feasor." Id. at 830. Although the "Made Whole Doctrine" in Martin contemplated the relationship between subrogors and subrogees, Fireman's Fund contends that the rule should be extended to support the proposition that the primary insurance company should recover before the excess or umbrella insurance company. Martin, and subsequent cases involving the "Made Whole Doctrine," however, do not support this contention, as they deal with the insured's primary right to recover before the insurance carrier, not the

4

CASE NUMBER: 8:05-CV-516-T-17-TGW

order of reimbursement between primary and excess insurance carriers. See e.g. Monte de Oca v. State Farm Fire & Cas. Co., 897 So.2d 471 (Fla. 3rd Dist. App. 2004), Centex-Rodgers Const. Co. v. Herrera, 761 So.2d 1215 (Fla. 3rd Dist. App. 2000), and Humana Health Plans v. Lawton 675 So.2d 1382 (Fla. 5th Dist. App. 1996). Florida's Made Whole Doctrine, therefore, is inapplicable to the facts of this case and should not be construed to establish the order of reimbursement between primary and excess insurance carriers.

In its cross motion for summary judgment, Gulf Insurance maintains that Florida's rules of contract interpretation should be applied. When interpreting language in an insurance policy, Florida courts have treated insurance policies as contracts. Three Palms Point, Inc. v. State Farm Fire and Cas. Co., 250 F. Supp.2d 1357 (M.D. Fla. 2003). Furthermore, Florida law construes the intent of the parties "solely by the language of the policies unless the language is ambiguous." Town Realty v. Safeco Ins. Co., 854 F.2d 1264, 1267 (11th Cir. 1988). Finally, if a contract is silent on a specific issue, courts should not construe the existence of contractual rights and obligations not specified in the agreement. BMW, Inc. v. Krathen, 471 So.2d 585, 587 (Fla. 4th Dist. App. 1985).

Here, the relevant language of the Fireman's Fund and Gulf Insurance policies are not ambiguous so they should form the sole basis in determining the parties' intent. Specifically, Gulf Insurance's excess policy expressly states the order of reimbursement, whereas Fireman's Fund's policy only contemplates the transfer of the insured's right of recovery. Also, because Fireman's Fund's policy is silent on the issue of the order of reimbursement, the Court may not "read" such a term into the agreement. Because the language of Gulf Insurance's policy unambiguously establishes the order of reimbursement, and

CASE NUMBER: 8:05-CV-516-T-17-TGW

Fireman's Fund's does not, Gulf Insurance's cross-motion for summary judgment should be granted. Accordingly, it is

**ORDERED** that the plaintiff's motion for summary judgment (Docket No. 13) be **DENIED**, the defendant's cross-motion for summary judgment (Docket No. 21) be **GRANTED**. The Clerk of Court is **directed** to enter judgment for the defendant and close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 27th day of July, 2005.

                                                        ELIZABETH A. KOVACHEVICH
                                                        United States District Judge

Copies to:
All parties and counsel of record.